N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02036-BNB

REYES J. MARTINEZ,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp – Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 24 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Reyes J. Martinez, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Martinez initiated this action on August 27, 2009, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Also on August 27, he filed documents titled "Applicant's Rejection of Any Consent to the Exercise of the Jurisdiction by a United States Magistrate Judge and Objection to the Assignment of This Case to Judge Zita L. Weinshienk" and "Applicant's Notice of No Consent to the Assignment of Proceedings to a United States Magistrate Judge Under 28 USCS [sic] § 636(c)."

In an order filed on September 2, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On September 22, 2009, Respondent filed a

preliminary response to the habeas corpus application. Mr. Martinez has not filed a reply, although he was given the opportunity to do so.

The Court must construe Mr. Martinez's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the habeas corpus application will be denied and the action dismissed.

The Court first will address the document titled "Applicant's Rejection of Any Consent to the Exercise of the Jurisdiction by a United States Magistrate Judge and Objection to the Assignment of This Case to Judge Zita L. Weinshienk," the second portion of which will be treated as a motion for recusal and, for the reasons stated below, will be denied.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse him or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. See *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. See *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th

Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Martinez fails to provide any reason that the Court should recuse herself. To the extent he seeks recusal because he believes the Court's judicial rulings are biased, that belief is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, to the extent Mr. Martinez seeks the Court's recusal, the motion to recuse will be denied.

The Court next will address the first portion of the document titled "Applicant's Rejection of Any Consent to the Exercise of the Jurisdiction by a United States Magistrate Judge and Objection to the Assignment of This Case to Judge Zita L.

Weinshienk" and the document titled "Applicant's Notice of No Consent to the Assignment of Proceedings to a United States Magistrate Judge Under 28 USCS [sic] § 636(c)," both of which will be construed liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The only orders entered by Magistrate Judge Boyd N. Boland in this action are the August 27, 2009, order commencing this action and granting Mr. Martinez leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and the September 2, 2009, order for a preliminary response.

The Court concludes that Magistrate Judge Boland's August 27, 2009, and September 2, 2009, orders are neither clearly erroneous nor contrary to law. Therefore, Mr. Martinez's liberally construed objection will be overruled.

Mr. Martinez fails to provide any information concerning his criminal conviction, his sentence, or his projected release date. He is not challenging the application of the BOP's regulations to himself. Rather, he contends that the BOP is violating the requirements of 18 U.S.C. § 3621(b) by categorically denying the review and transfer of eligible pre-release inmates to residential re-entry centers, formerly known as community corrections centers. He further contends that the BOP is violating the requirements of 18 U.S.C. § 3624(c)(1)-(2) and 28 C.F.R. 570.29 by denying all inmates more than six months in a residential re-entry center, and limiting eligibility to pre-release inmates with twelve months or less remaining in their sentences.

Mr. Martinez describes a pre-release inmate as an inmate with twelve months or less of his or her sentence remaining to be served. He specifically identifies himself as a pre-release inmate, and states that he wants to spend the maximum amount of pre-release time in an residential re-entry center.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Martinez. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

According to Respondent, Mr. Martinez has failed to exhaust administrative remedies on the issues raised in his application. Mr. Martinez admits he has not exhausted administrative remedies. He argues that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the issues to be raised in the administrative proceedings.

Mr. Martinez is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at 3 (10th Cir. Dec. 14, 1998) (unpublished). In the instant action, Mr. Martinez fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising. Mr. Martinez may be correct that prison officials at the Florence prison camp in which he is incarcerated categorically are denying residential re-entry placements for inmates with more than twelve months remaining on their sentences and categorically are denying pre-release residential re-entry placements longer than six months. However, this argument does not support a conclusion that exhaustion of administrative remedies would be futile because the BOP administrative remedy procedure provides for two levels of appeal beyond any decision made at the institution level.

The Court finds that Mr. Martinez fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the second portion of the document titled "Applicant's Rejection of Any Consent to the Exercise of the Jurisdiction by a United States Magistrate Judge and Objection to the Assignment of This Case to Judge Zita L. Weinshienk" is construed liberally as a motion for recusal, and is denied. It is

FURTHER ORDERED that the first portion of the document titled "Applicant's

Rejection of Any Consent to the Exercise of the Jurisdiction by a United States Magistrate Judge and Objection to the Assignment of This Case to Judge Zita L. Weinshienk" and the document titled "Applicant's Notice of No Consent to the Assignment of Proceedings to a United States Magistrate Judge Under 28 USCS [sic] § 636(c)" are construed liberally as an objection field pursuant to 28 U.S.C. § 636 (b)(1)(A), and the objection is overruled. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that the motions filed on August 27, 2009, titled "Notice of Omnibus Motion for an Order to Certify the Class and for the Appointment of Counsel to Represent the Class, or the Notice of Interlocutory Appeal" and "Verified Notice of Motion for the Court to Take Judicial Notice Pursuant to USCS [sic] Federal Rules of Evidence, Rule 201(d), That All Inmates at FPC-Florence Are Not Receiving Any More Than 6 Months of Halfway House and Are Also Not Being Transferred to Halfway Houses Where They Can Finish Their Sentences Because of Invalid BOP Regulations, Policies, and Rules," as well as any other pending motions, are denied as moot.

DATED at Denver, Colorado, this 23 day of November, 2009.

BY THE COURT:

*Zita Leesm Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02036-BNB

Reyes J. Martinez
Reg No. 34534-013
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

William Pharo
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/24/09

GREGORY C. LANGHAM, CLERK

By _____
       Deputy Clerk